IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUIS HERNANDEZ-ARELLANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv519-MHT |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Luis Hernandez-Arellano's construed motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 2. For the reasons that follow, the magistrate judge finds Hernandez-Arellano's § 2255 motion should be denied and this case dismissed with prejudice.

### I.  BACKGROUND

On November 30, 2010, Hernandez-Arellano pleaded guilty to one count of illegal reentry after his 2009 deportation following his 2006 conviction for an aggravated felony (conspiracy to distribute cocaine), in violation of 8 U.S.C. § 1326(a) & (b)(2). Hernandez-Arellano's presentence investigation report ("PSI") noted that his 2006 conviction for conspiracy to distribute cocaine triggered a 16-level specific offense characteristic enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i).[1]  *See* PSI at ¶ 7; Doc.

---

[1] Under § 2L1.2(b)(1)(A)(i), an illegal reentry defendant receives a 16-level increase in his offense level if he was previously deported after he was convicted of a "drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). (Hernandez-Arellano was sentenced to 37 months' imprisonment in his conspiracy-to-distribute-cocaine case.) The commentary to U.S.S.G. § 2L1.2 defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the

No. 19 at 2; Doc. 19-8 at 23–24.  Hernandez-Arellano's calculated Sentencing Guidelines range was 77 to 96 months.  *See* PSI at ¶ 49; Doc. 19-8 at 22.  On March 23, 2011, the district court imposed a sentence of 120 months' imprisonment, which was the product of an upward variance based on Hernandez-Arellano's extensive criminal history.  Doc. 19-8 at 29.  On the same date, in a consolidated hearing, the district court imposed a consecutive 24-month revocation sentence for petitioner's violating the terms of his supervised release in his conspiracy-to-distribute-cocaine case.  *Id.* at 36

Hernandez-Arellano took no direct appeal from his illegal reentry conviction (or his revocation sentence).  However, after filing a § 2255 motion in March 2012, he was granted an out-of-time appeal when the court determined that his counsel had failed to file an appeal after he requested that one be filed.  *See* Civil Action No. 1:12cv284-WKW.  On June 13, 2012, the district court entered an amended judgment, resentencing Hernandez-Arellano to the same 120-month term for illegal reentry.  *See* Doc. No. 31 in Case No. 1:09cr170-WKW.

Hernandez-Arellano subsequently filed an appeal arguing that the district court abused its discretion in imposing a 120-month sentence for illegal reentry because it was greater than necessary under 18 U.S.C. § 3553(a).  Hernandez-Arellano also argued that his 24-month revocation sentence was substantively unreasonable.[2]

---

manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

[2] The Eleventh Circuit noted that although Hernandez-Arellano's notice of appeal only expressly designated Case No. 1:09cr170-WKW, where he was sentenced to 120 months, and did not mention his 24-month revocation sentence case (Case No. 2:06cr147-WKW), the court would construe his appeal as jointly

On May 9, 2013, the Eleventh Circuit issued an unpublished opinion rejecting Hernandez-Arellano's claims for relief and affirming his sentences. *United States v. Hernandez-Arellano*, 518 F. App'x 796 (11th Cir. 2013).

On about June 22 2016, Hernandez-Arellano, acting *pro se* at the time, filed a motion seeking resentencing in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requesting that this court appoint counsel to "prepare and file" his *Johnson* claim. Doc. No 2. Hernandez-Arellano's *pro se* motion did not explain why he believed *Johnson* entitled him to resentencing.

This court granted Hernandez-Arellano's motion to appoint counsel and appointed the Federal Defender to represent him in any attempt to obtain relief under *Johnson*. Doc. No. 3. Because Hernandez-Arellano's motion asserted a claim challenging his sentence, this court found it should be treated as a motion for relief under 28 U.S.C. § 2255. A "*Castro* order" was entered notifying Hernandez-Arellano that his motion was re-characterized as a § 2255 motion and warning him that this meant any subsequent § 2255 motions would be subject to the restrictions on "second or successive" motions.[3] Doc. No. 4. The *Castro* order also gave Hernandez-Arellano an opportunity to withdraw his motion, or amend it so it contained all the § 2255 claims he wanted to assert. *Id*.

Hernandez-Arellano filed no response to the court's *Castro* order and did not seek to amend his original motion. Thus, this case is before the court solely on the *Johnson*

---

challenging the substantive reasonableness of both sentences given his intent, as evidenced by the arguments in his brief, to appeal his total 144-month sentence. *See United States v. Hernandez-Arellano*, 518 F. App'x 796 (11th Cir. 2013).

[3] *See Castro v. United States*, 540 U.S. 375 (2003).

3

claim in his construed § 2255 motion. In reply to the government's motion to dismiss this action, the Federal Defender clarifies that, through his § 2255 motion (and thus by his *Johnson* claim), Hernandez-Arellano challenges his combined 144-month sentence resulting from his 120-month sentence for illegal reentry (in Case No. 1:09cr170-WKW) and the consecutive 24-month revocation sentence (in Case No. 2:06-cr-147-WKW). Doc. No. 16. As indicated below, however, Hernandez-Arellano has demonstrated no basis for relief under *Johnson*.

## II.  DISCUSSION

Hernandez-Arellano seeks resentencing in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. No. 2. However, he doesn't say why *Johnson* entitles him to resentencing, and he presents no argument whatsoever suggesting how *Johnson* applies to any aspect of his sentence.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause—which included in the definition of "violent felony" any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to another"—was unconstitutionally vague.[4] 135 S. Ct. at 2557. Based on that holding, the Court concluded that "imposing an increased [ACCA] sentence under the residual clause … violates the Constitution's guarantee of due process." *Id*. at 2563. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral

---

[4] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years' imprisonment. *See* U.S.C. § 924(e)(1).

review. *See* 136 S. Ct. at 1268. As a result of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed violent felonies under the ACCA's residual clause were allowed to challenge their sentences through § 2255 motions.

Recently, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges like the one applied to the ACCA's residual clause in *Johnson*. 137 S.Ct. at 890. The *Beckles* court reasoned that, "[u]nlike the ACCA … the advisory [Sentencing] Guidelines do not fix the permissible range…. [T]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Id*. at 892. The Court further reasoned that, unlike the ACCA, the Sentencing Guidelines "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at at 894.

The holding in *Beckles* forecloses any attempt by Hernandez-Arellano to rely on *Johnson* to challenge the use of his 2006 conviction for conspiracy to distribute cocaine as a basis for the 16-level enhancement under § 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines—if this indeed is the ground on which Hernandez-Arellano attempts to seek relief under *Johnson.* Furthermore, Hernandez-Arellano's §2L1.2(b)(1)(A)(i) enhancement was not based on any residual clause-type provision, whether in the ACCA (which did not apply to Hernandez-Arellano) or in the Sentencing Guidelines. His § 2L1.2(b)(1)(A)(i) enhancement was based entirely on the fact of his prior conviction for conspiracy to distribute cocaine. *Johnson* in no way implicated or invalidated the § 2L1.2(b)(1)(A)(i) enhancement as it relates to drug trafficking convictions. Hernandez-

Arellano establishes no basis for relief on his *Johnson* claim, and his § 2255 motion should be denied.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 22, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 8th day of August, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge